**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS - EASTERN DIVISION**

| | |
|---|---|
| Tirzo Campos and Gonzalo Robles, | ) |
| | ) |
| Plaintiffs, | ) |
| v. | ) |
| | ) |
| Food Café Inc. d/b/a Raw II and Jack Chaiyarat | ) |
| | ) |
| Defendants. | ) |

**<u>COMPLAINT</u>**

**Now Come** Plaintiffs Tirzo Campos and Gonzalo Robles (cumulatively "Plaintiffs"), by and through their attorneys, Daniel I. Schlade and James M. Dore, complain against Defendants Food Cafe, Inc. d/b/a Raw II ("Raw II") and Jack Chaiyarat (Raw II and Jack Chaiyarat may collectively be referred to as "Defendants") and in support of this Complaint, state:

**<u>Introduction and Parties</u>**

1.      This action seeks redress for Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"), the Illinois Minimum Wage Law (820 ILCS 105/1, *et seq*) ("IMWL"), the Illinois Wage Payment and Collection Act (820 ILCS 115/1 *et seq*)("IWPCA") , and the Chicago Minimum Wage and Paid Sick Leave Ordinance (Chicago Code Chapter 1-24-010 *et seq*) ("Chicago Wage Ordinance") for Defendants' failure to pay overtime wages owed.

2.      Plaintiff Tirzo Campos is a resident of Chicago, Cook County, Illinois; he was formerly employed by Defendants.

3.      Plaintiff Gonzalo Robles is a resident of Chicago, Cook County, Illinois; he was formerly employed by Defendants.

4.      Defendant Raw II  is a restaurant and an Illinois corporation that is headquartered and conducts business in Chicago, Illinois; during relevant periods, it employed four or more employees.

5.     Defendant Jack Chaiyarat  is the manager and an owner of Raw II .  On information and belief, he is a resident of Cook County, Illinois.

## Jurisdiction And Venue

6.     The Court possesses subject matter jurisdiction over the FLSA claims pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331 (federal question), and possesses subject matter jurisdiction over any state law claims pursuant to 28 U.S.C. §1367.

7.     Venue is proper in the Northern District of Illinois because all underlying facts and transactions occurred in Cook or Lake County, Illinois; and on information and belief, all parties to this lawsuit are residents of Cook County, Illinois.

## Facts Common To All Claims

8.  At all relevant times, Plaintiff Tirzo Campos was Defendants' "employee" as that term is defined in the FLSA, under the IMWL, under the IWPCA, and under the Chicago Wage Ordinance; Plaintiff Tirzo Campos does not fall into any of the exceptions or exemptions for workers under the FLSA, under the IMWL, under the IWPCA, and under the Chicago Wage Ordinance.

9.  At all relevant times, Plaintiff Gonzalo Robles was Defendants' "employee" as that term is defined in the FLSA, under the IMWL, under the IWPCA, and under the Chicago Wage Ordinance; Plaintiff Gonzalo Robles does not fall into any of the exceptions or exemptions for workers under the FLSA, under the IMWL, under the IWPCA, and under the Chicago Wage Ordinance.

10.     Defendant Raw II  is an "employer" as that term is defined in Section 203 of the FLSA, under the IMWL, under the IWPCA, and under the Chicago Wage Ordinance, as it is a privately-owned for-profit entity.

2

11.     Defendant Jack Chaiyarat  is an "employer" as that term is defined in Section 203 of the FLSA, under the IMWL, under the IWPCA, and under the Chicago Wage Ordinance, because: (1) s/he was Plaintiffs' boss at Raw II ; (2) s/he had the power to hire and fire the employees, including Plaintiffs; (3) s/he supervised and controlled Plaintiffs' work schedules and conditions of employment; (4) s/he determined the rate and method of payment for employees; and (5) s/he maintained employment records.

### Count 1 – Violation(s) of FLSA – Tirzo  v. Defendants

12.     Plaintiff Tirzo Campos reincorporates by reference Paragraphs 1 through 11, as if set forth in full herein for Paragraph 12.

13.     Plaintiff Tirzo Campos began working at Defendant Raw II  in or about May 2020, and his last day of work was on or about February 2021.

14.     At all times, Plaintiff Tirzo Campos worked in food preparation and/or as a cook for Defendants.

15.  Plaintiff Tirzo Campos did not receive tips in his role as a food preparation worker and chef.

16.   From the beginning of his employment through August 20, 2020, Plaintiff Tirzo Campos worked on average sixty-nine (69) hours per work week as an employee for Defendants.

17.     While employed by Defendants, Plaintiff was paid $720.00 for each week worked from May 2020 through October 2020 and paid on a weekly basis.

18.   While employed by Defendants, Plaintiff was paid $750.00 for each week worked from November 2020 through February 2021 and paid on a weekly basis.

19.     Plaintiff Tirzo Campos's wages were not based on the number of jobs performed or completed, nor was it based on the quality or efficiency of his performance.

20.     Throughout the course of his/her employment with Defendants, and in the three (3) years prior to the filing this Complaint, Defendants scheduled and directed Plaintiff Tirzo Campos to

work in excess of forty (40) hours per week, every week that Plaintiff worked for Defendants; and Plaintiff did in fact work in excess of forty-hours for each work week.

21.     Defendants did not pay Plaintiff Tirzo Campos the mandated minimum wage for the regular hours he worked for them.

22.     Defendants did not pay Plaintiff Tirzo Campos not less than one and a half (1.5) times the mandated regular rate at which he was employed during the hours worked in excess of forty (40) hours per week.

23.     On information and belief, Defendants have failed to keep proper time records tracking Plaintiff Tirzo Campos's time worked; and Defendants' failure and refusal to pay Plaintiff proper minimum wages and/or overtime wages for hours worked in excess of forty (40) hours per week was a willful violation of the FLSA.

24.     Plaintiff is entitled to recover unpaid overtime wages and liquidated damages for up to three (3) years prior to the filing of this lawsuit.  On information and belief, this amount includes: (i) $6,770.87 in unpaid overtime and minimum wages; (ii) and liquidated damages of $6,770.87 and (iii) Plaintiff's attorney's fees and costs, to be determined; and (iv) for all other just relief.

**WHEREFORE**, Plaintiff Tirzo Campos respectfully requests that the Court enter a judgment in his favor and against Defendants Food Cafe, Inc. d/b/a Raw II and Jack Chaiyarat , jointly and severally, for:

A.     The amount of unpaid minimum wages and unpaid overtime wages for all time worked by Plaintiff in excess of forty (40) hours in individual work weeks, totaling at least $6,770.87;

B.     An award liquidated damages in an amount equal to at least $6,770.87;

C.     A declaration that Defendants violated the FLSA;

D.     An award reasonable attorneys' fees and costs; and

E.     Any such additional or alternative relief as this Court deems just and proper.

**Count 2 – Violation of IMWL – Tirzo v. Defendants**

25. Plaintiff Tirzo Campos reincorporates by reference Paragraphs 1-19 of Count 1, as if set forth in full herein for Paragraph 25.

26. This count arises from Defendants' violation of the IMWL, by: a) failing to pay Plaintiff Tirzo Campos the Illinois-mandated minimum wage for all hours worked in individual work weeks in violation of 820 ILCS 105/4(a)(1) and/or b) failing to pay Plaintiff Illinois mandated overtime wages for all hours worked in excess of 40 hours in each individual work week in violation of 820 ILCS 105/4a(1).

27. Defendants directed Plaintiff Tirzo Campos to and did work as an employee, but was not compensated at least at the Illinois-mandated minimum wage rate for all time worked.

28. Plaintiff Tirzo Campos was entitled to be paid not less than the Illinois-mandated minimum wage for all hours worked in individual work weeks.

29. Defendants did not pay Plaintiff Tirzo Campos the Illinois-mandated minimum wage for all hours worked in individual work weeks.

30. Defendants' failure to pay Plaintiff Tirzo Campos the Illinois-mandated minimum wage rate for all hours worked in individual work weeks is a violation of the IMWL.

31. Pursuant to 820 ILCS 105/12(a), Plaintiff Tirzo Campos is entitled to recover unpaid minimum and overtime wages for three (3) years prior to the filing of this suit, treble the amount of such underpayments, 5% for each month the underpayments remain unpaid, plus attorney's fees and costs.

**WHEREFORE**, Plaintiff Tirzo Campos respectfully requests that the Court enter a judgment in his favor and against Defendants Food Cafe, Inc. d/b/a Raw II and Jack Chaiyarat , jointly and severally, for:

A.  The amount of wages worked by Plaintiff for which she was not paid minimum wages, totaling at least $6,770.87;

B.  Award Statutory damages for Plaintiff, including treble damages and 5% monthly interest, pursuant to the formula set forth in 820 ILCS § 105/12(a) and/or 815 ILCS § 205/2;

C.  Declare that Defendants have violated the IMWL;

D.  Award reasonable attorneys' fees and costs as provided by the IMWL; and/or

E.  Grant such additional or alternative relief as this Honorable Court deems just and proper.

### Count 3– Violation of Chicago Ordinance – Tirzo  v. Defendants

32.  Plaintiff Tirzo Campos reincorporates by reference Paragraphs 1-19 of Count 1, as if set forth in full herein for Paragraph 32.

33. This count arises from Defendants' violation of the Chicago Code, by: a) failing to pay Plaintiff Tirzo Campos the Chicago-mandated minimum wage and overtime wages for all hours worked in individual work weeks in violation of Chicago Code 1-24-020.

34. Defendants directed Plaintiff Tirzo Campos to and did work as an employee, but was not compensated at least at the Chicago-mandated minimum wage rate for all time worked.

35. Plaintiff Tirzo Campos was entitled to be paid not less than the Chicago-mandated minimum wage for all hours worked in individual work weeks.

36. Defendants did not pay Plaintiff Tirzo Campos the Chicago-mandated minimum wage for all hours worked in individual work weeks.

37. Defendants' failure  to  pay  Plaintiff Tirzo Campos  the  Chicago-mandated minimum wage rate for all hours worked in individual work weeks is a violation of the Chicago Code.

38. Pursuant to Chicago Code 1-24-110, Plaintiff Tirzo Campos is entitled to recover, treble the amount of unpaid minimum and overtime wages for three (3) years prior to the filing of this suit, plus attorney's fees and costs.

**WHEREFORE**, Plaintiff Tirzo Campos respectfully requests that the Court enter a judgment in his favor and against Defendants Food Cafe, Inc. d/b/a Raw II and Jack Chaiyarat , jointly and severally, for:

A.  Treble the amount of unpaid minimum and overtime wages for three (3) years prior to the filing of this suit, totaling at least $20,312.61;

B.  Declare that Defendants have violated the Chicago Code;

C.  Award reasonable attorneys' fees and costs as provided by the Chicago Code; and/or

D.  Grant such additional or alternative relief as this Honorable Court deems just and proper.

### Count 4 – Violation(s) of FLSA – Gonzalo v. Defendants

42.    Plaintiff Gonzalo Robles reincorporates by reference Paragraphs 1 through 11 of Count 1, as if set forth in full herein for Paragraph 42.

43.    Plaintiff Gonzalo Robles began working at Defendant Raw II  in or about April 2017, and his last day of work was in or about March 2020.

44.    At all times, Plaintiff Gonzalo Robles  worked in food preparation or as a cook.

45.  Plaintiff Gonzalo Robles did not receive any tips as an employee for Defendants nor was his occupation with Defendants one that customarily receives tips.

46. From the beginning of his employment through March 2020, Plaintiff Gonzalo Robles worked on average seventy-four (74) hours per work week as an employee for Defendants.

47.    While employed by Defendants, Plaintiff was paid $800.00 for each week worked from April 2018 through March 2020 and paid on a weekly basis.

48.    Plaintiff Gonzalo Robles's wages were not based on the number of jobs performed or completed, nor was it based on the quality or efficiency of his performance.

49.    Throughout the course of his/her employment with Defendants, and in the three (3) years prior to the filing this Complaint, Defendants scheduled and directed Plaintiff Gonzalo Robles to work in excess of forty (40) hours per week, every week that Plaintiff worked for Defendants; and Plaintiff did in fact work in excess of forty-hours for each work week.

50.    Defendants did not pay Plaintiff Gonzalo Robles the mandated minimum wage for the regular hours he worked for them.

51.    Defendants did not pay Plaintiff Gonzalo Robles not less than one and a half (1.5) times the mandated regular rate at which he was employed during the hours worked in excess of forty (40) hours per week.

52.    On information and belief, Defendants have failed to keep proper time records tracking Plaintiff Gonzalo Robles 's time worked; and Defendants' failure and refusal to pay Plaintiff proper minimum wages and/or overtime wages for hours worked in excess of forty (40) hours per week was a willful violation of the FLSA.

53.    Plaintiff is entitled to recover unpaid overtime wages and liquidated damages for up to three (3) years prior to the filing of this lawsuit.  On information and belief, this amount includes: (i) $19,113.51 in unpaid overtime and minimum wages; (ii) and liquidated damages of $19,113.51 (iii) Plaintiff's attorney's fees and costs, to be determined; and (iv) for all other just relief.

    **WHEREFORE**, Plaintiff Gonzalo Robles respectfully requests that the Court enter a judgment in his favor and against Defendants Food Cafe, Inc. d/b/a Raw II and Jack Chaiyarat , jointly and severally, for:

A.    The amount of unpaid minimum wages and unpaid overtime wages for all time worked by Plaintiff in excess of forty (40) hours in individual work weeks, totaling at least $19,113.51;

B.    An award liquidated damages in an amount equal to at least $19,113.51;

C.    A declaration that Defendants violated the FLSA;

D.    An award reasonable attorneys' fees and costs; and

E.    Any such additional or alternative relief as this Court deems just and proper.

**Count 5 – Violation of IMWL – Gonzalo v. Defendants**

54.  Plaintiff Gonzalo Robles  reincorporates by reference Paragraphs 42-49 of Count 5, as if set forth in full herein for Paragraph 54.

55.  This count arises from Defendants' violation of the IMWL, by: a) failing to pay Plaintiff Gonzalo Robles  the Illinois-mandated minimum wage for all hours worked in individual work weeks in violation of 820 ILCS 105/4(a)(1) and/or b) failing to pay Plaintiff Illinois mandated overtime wages for all hours worked in excess of 40 hours in each individual work week in violation of 820 ILCS 105/4a(1).

56.  Defendants directed Plaintiff Gonzalo Robles  to and did work as an employee, but was not compensated at least at the Illinois-mandated minimum wage rate for all time worked.

57.  Plaintiff Gonzalo Robles  was entitled to be paid not less than the Illinois-mandated minimum wage for all hours worked in individual work weeks.

58.  Defendants did not pay Plaintiff Gonzalo Robles  the Illinois-mandated minimum wage for all hours worked in individual work weeks.

59.  Defendants' failure to pay Plaintiff Gonzalo Robles  the Illinois-mandated minimum wage rate for all hours worked in individual work weeks is a violation of the IMWL.

60.  Pursuant to 820 ILCS 105/12(a), Plaintiff Gonzalo Robles  is entitled to recover unpaid minimum and overtime wages for three (3) years prior to the filing of this suit, treble the amount of such underpayments, 5% for each month the underpayments remain unpaid, plus attorney's fees and costs.

**WHEREFORE**, Plaintiff Gonzalo Robles  respectfully requests that the Court enter a judgment in his favor and against Defendants Food Cafe, Inc. d/b/a Raw II and Jack Chaiyarat , jointly and severally, for:

A.  The amount of wages worked by Plaintiff for which she was not paid minimum wages, totaling at least $19,113.51;

B.  Award Statutory damages for Plaintiff, including treble damages and 5% monthly interest, pursuant to the formula set forth in 820 ILCS § 105/12(a) and/or 815 ILCS § 205/2;

C.  Declare that Defendants have violated the IMWL;

D.  Award reasonable attorneys' fees and costs as provided by the IMWL; and/or

E.  Grant such additional or alternative relief as this Honorable Court deems just and proper.

### Count 6 – Violation of Chicago Ordinance – Gonzalo  v. Defendants

61.  Plaintiff Gonzalo Robles  reincorporates by reference Paragraphs 42-49 of Count 5, as if set forth in full herein for Paragraph 61.

62. This count arises from Defendants' violation of the Chicago Code, by: a) failing to pay Plaintiff Gonzalo Robles  the Chicago-mandated minimum wage and overtime wages for all hours worked in individual work weeks in violation of Chicago Code 1-24-020.

63. Defendants directed Plaintiff Gonzalo Robles  to and did work as an employee, but was not compensated at least at the Chicago-mandated minimum wage rate for all time worked.

64.  Plaintiff Gonzalo Robles   was entitled to be paid not less than the Chicago-mandated minimum wage for all hours worked in individual work weeks.

65. Defendants did not pay Plaintiff Gonzalo Robles  the Chicago-mandated minimum wage for all hours worked in individual work weeks.

66. Defendants' failure to pay Plaintiff Gonzalo Robles the Chicago-mandated minimum wage rate for all hours worked in individual work weeks is a violation of the Chicago Code.

67. Pursuant to Chicago Code 1-24-110, Plaintiff Gonzalo Robles is entitled to recover, treble the amount of unpaid minimum and overtime wages for three (3) years prior to the filing of this suit, plus attorney's fees and costs.

**WHEREFORE**, Plaintiff Gonzalo Robles respectfully requests that the Court enter a judgment in his favor and against Defendants Food Cafe, Inc. d/b/a Raw II and Jack Chaiyarat , jointly and severally, for:

A. Treble the amount of unpaid minimum and overtime wages for three (3) years prior to the filing of this suit, totaling at least $57,340.54;

B. Declare that Defendants have violated the Chicago Code;

C. Award reasonable attorneys' fees and costs as provided by the Chicago Code; and/or

D. Grant such additional or alternative relief as this Honorable Court deems just and proper.

s/ James M. Dore

**James M. Dore/ Dore Law Offices LLC (ARDC# 6296265)**
**Daniel I. Schlade (ARDC No. 6273008)**
*Attorneys for Plaintiffs*
134 N. LaSalle, Suite 1208
Chicago, IL 60602
P: 312-726-8401
E: james@dorelawoffices.com; jmdore70@sbcglobal.net
danschlade@gmail.com

**Plaintiffs request trial by jury for all counts where allowed**